UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ROMO,
Plaintiff,

v.

COUNTY OF SONOMA, et al.,
Defendants.

Case No. 5:26-cv-05295 EJD (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against employees of Sonoma County for events that occurred while he was a pretrial detainee at the Main Adult Detention Facility ("MADF") in Santa Rosa. Dkt. No. 9 at 2-3. On September 25, 2026, the Court screened the amended complaint and granted leave to amend to correct the deficiencies with respect to various claims. Dkt. No. 12. In the alternative, Plaintiff could file notice that he wished to strike the deficient claims and proceed on the cognizable claims involving bodily privacy and failure to protect. Id. at 13. Plaintiff was advised that failure to respond to the order in the time provided would result in the dismissal with prejudice of the deficient claims for failure to state a claim and the action proceeding on the cognizable claims. Id.

The time to respond has passed with no response from Plaintiff. Accordingly, the Court will dismiss the deficient claims with prejudice and order service of the cognizable claims against the appropriate defendants.

**DISCUSSION**

**A. <u>Standard of Review</u>**

A federal court must conduct a preliminary screening in any case in which a

United States District Court
Northern District of California

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Below is the Court's discussion of the cognizable claims in the complaint from the screening order:

> Plaintiff names the following as defendants from the Sonoma County Sheriff Department: (1) male deputies who participated in an allegedly unconstitutional strip search on January 7, 2025: Sergeant Brian Gallway, Deputy Zambrano, Deputy Arizmendi, Deputy Martinez-Luna, Deputy Gallagher, Deputy Williams, Deputy Pena, Deputy Gizdich, Deputy Acosta, Deputy Koelling, Deputy Miranda, Deputy Gray, and Deputy Vazquez; (2) female deputies who were also present at the subject strip search – Deputy Melendez, Deputy Susa, Deputy Holcomb, Deputy Laranjo, Deputy Johnston, Deputy Johnson, and Deputy Contreras; (3) Deputy Gonce (disciplinary/grievance); and (4) Sheriff Eddie Engram. Dkt. No. 9 at 13.
>
> Plaintiff alleges that on January 7, 2025, he and several other inmates were forced by defendants "to participate in a highly invasive, demeaning, and extremely embarrassing strip search within full view of each other… and also male [and] female deputies conducting the module searches." Dkt. No. 9 at 4. The search was to locate a metal handcuff key which was ultimately located in an area outside the searched area. Id. at 6. Plaintiff alleges that the strip search included an anal/genital inspection that took place in an unsanitary shower which was visible to others rather than the private strip search area or with an x-ray scanner. Id. at 4. Plaintiff

United States District Court
Northern District of California

alleges that defendants deliberately allowed female deputies to view and conduct the search, causing extreme embarrassment, lack of dignity, mental stress, and fear. Id. at 9. He also alleges that defendants "allowed a strip search to be performed that was sexual in nature by allowing female, male inmates and deputies to view the search" which allowed "genitalia, anus and full nude body of Plaintiff" to be illegally viewed and subjected him to "post sexual unwanted comments." Id. at 9. Plaintiff alleges that "the location and manner [in] which the strip search was conducted" "strongly supports" the conclusion that the search was conducted in retaliation for many grievances being filed for basic necessities, including a clean and sanitized shower. Id. at 4-5. Plaintiff submitted two inmate request forms ("IRF") on January 8, 2025, and January 24, 2025, for medical attention from the strip search; no response or help was given. Id. at 5. Plaintiff states that an investigation into the strip search found that the male and female deputies involved "did not act within office policy and procedure and that appropriate discipline had been issued, pursuant to professional standards bureau Lieutenant Brent Kidder." Id. at 6. Plaintiff claims all defendants present at the strip search are liable for not stopping the illegal search. Id. at 6-7. Plaintiff seeks damages for cruel and unusual punishment, retaliation, excessive force, and "sexual inducement." Id. at 7.

¶…¶

Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. Castro, 833 F.3d at 1068. Plaintiff was a pretrial detainee at the time of relevant incidents, and therefore the proper inquiry for his claims regarding conditions of confinement is whether the conditions amount to punishment in violation of the Fourteenth Amendment. See Bell, 441 U.S. at 535 n.16. [footnote omitted]

To determine whether a particular condition or restriction of pretrial detention amounts to punishment in the constitutional sense of the word, the court first looks to whether the disability imposed is for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Id. at 538. Absent a showing of an express intent to punish, whether a condition or restriction amounts to punishment generally will turn on whether there is an alternative, rational purpose for

United States District Court
Northern District of California

> the condition/restriction, and whether the condition/restriction appears excessive in relation to that alternative purpose. See id.; Demery v. Arpaio, 378 F.3d 1020, 1028 (9th Cir. 2004).
>
> **1. Bodily Privacy and Sexual Allegations**
>
> The Fourteenth Amendment applies to a pretrial detainee's right to bodily privacy. Byrd v. Maricopa Cty. Bd. of Supervisors, 845 F.3d 919, 923 (9th Cir. 2017) ("Byrd II"). To analyze a claim alleging a violation of this privacy right, the court must apply the test set forth in Turner v. Safley, 482 U.S. 78, 89 (1987), and determine whether a particular invasion of bodily privacy was reasonably related to legitimate penological interests. See Bull, 595 F.3d at 973. Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. See Bell v. Wolfish, 441 U.S. 520, 561 (1979).
>
> Liberally construed, Plaintiff's allegations regarding the strip search on January 7, 2025, which was allegedly conducted in an unreasonable manner are sufficient to state a violation of his right to bodily privacy under the Fourteenth Amendment. His assertion that his rights under the Eighth Amendment were violated must be dismissed for failure to state a claim for relief.
>
> Furthermore, Plaintiff's claim that all defendants who were present are liable for failing to stop the illegal search presents a failure to protect claim which, liberally construed, is also cognizable under the Fourteenth Amendment. See Castro, 833 F.3d at 1068-71 (holding that objective standard of Kingsley v. Hendrickson, 576 U.S. 389 (2015), applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees, i.e., they must prove "something akin to reckless disregard").

Dkt. No. 12 at 2-5. Based on Plaintiff's failure to file a second amended complaint to correct the deficiencies of several claims, this action shall proceed solely on the above identified cognizable claims, and all other claims and defendants shall be dismissed from the complaint.

///

///

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Following claims are **DISMISSED with prejudice** for failure to state a claim for relief: (1) allegations that the strip search was sexual in nature, (2) retaliation, (3) deficient medical care, (4) due process, and (5) supervisor liability. Dkt. No. 12 at 6-10.

The Clerk shall terminate Deputy Gonce, Sheriff Eddie Engram, the County of Sonoma, and the Sonoma County Sheriff Department as parties to this action as there remain no claims against them.

2. This action shall proceed on the following cognizable claims: (1) violation of right to bodily privacy, and (2) failure to protect. See supra at 4.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the operative complaint and all attachments thereto (Dkt. No. 9), and a copy of this order upon the following Defendants: Sergeant Brian Gallway, Deputy Zambrano, Deputy Arizmendi, Deputy Martinez-Luna, Deputy Gallagher, Deputy Williams, Deputy Pena, Deputy Gizdich, Deputy Acosta, Deputy Koelling, Deputy Miranda, Deputy Gray, Deputy Vazquez, Deputy Melendez, Deputy Susa, Deputy Holcomb, Deputy Laranjo, Deputy Johnston, Deputy Johnson, and Deputy Contreras. Defendants shall be served via the **Sonoma County Sheriff's Office – Main Office** (2796 Ventura Ave., Santa Rosa, CA 95403, Attn. Sheriff Eddie Engram). The Clerk shall also mail a copy of this order to Plaintiff.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor

United States District Court
Northern District of California

qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: November 5, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California